UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN AGENTS OF FEDERAL DRUG ENFORCEMENT AGENCY, et al., <br><br> Defendants. | CAUSE NO. 1:21-CV-478-HAB-SLC |

OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, was arrested on January 13, 2020, by Allen County and federal law enforcement officers. He filed a complaint from the Allen County Jail on December 21, 2021, alleging the officers used excessive force when arresting him.[1] ECF 1 at 6. He did not know the identities of the officers involved and sued Unknown Agents of Federal Drug Enforcement Agency, Unknown Agents of Federal Enforcement Agency, and Unknown Agents of Allen County Sheriff's Department. However, he cannot proceed against unknown defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). And, by filing

---

[1] Although the complaint was not received and docketed by the court until December 28, 2021, Hecke receives the benefit of the "prisoner mailbox rule." Under that rule, a pro se prisoner's submissions are deemed "filed" on the date he delivers them to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266 (1988). Here, Hecke attests that he placed the complaint in the jail mail system on December 21, 2021. ECF 1 at 6.

this complaint only 23 days before the statute of limitations ended, he did not leave enough time to identify and serve the officers involved before the statute of limitations expired. Therefore, this case must be dismissed. It does not currently name a viable defendant, and it would be futile to allow Hecke to amend his complaint to add in the proper defendants because the statute of limitations has passed.

Causes of actions under 42 U.S.C. § 1983 (for the state actors) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), (for the federal actors) are subject to Indiana's two-year statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261 268-69 (1985); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In order for a defendant to be added after the statute of limitations has ended, a plaintiff must satisfy the "relation back" requirements in Federal Rule of Civil Procedure 15. Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

Hecke cannot satisfy Rule 15(c) because suing an "unknown" defendant is not a "mistake." *See King*, 201 F.3d at 914-15 ("King has not satisfied this mistake requirement. King did not mistakenly sue the wrong party. Nor did he mistakenly sue the BOP instead of suing an individual BOP officer. Rather, King had (and still has) a simple lack of knowledge of the identity of the proper party." (quotation marks omitted)); *see also Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008). Suing an unknown

2

defendant is not immediately fatal to a case, as long as the plaintiff files the case with enough time to identify the proper defendant before the limitations period ends. S*ee Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). The court has a duty to assist pro se litigants in identifying unknown defendants. *See id.* at 560. But, ultimately, "[i]t is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). Here, 23 days would not have been enough time for the court to go through the necessary process to assist an unrepresented plaintiff in identifying unknown defendants.

Nor is there any indication that Hecke tried to identify the defendants on his own. Hecke is facing criminal charges for the events that led to his January 2020 arrest. *See United States v. Hecke*, No. 1:20-cr-7-HAB-SLC (N.D. Ind. filed Jan. 15, 2020). With his complaint, Hecke included a letter explaining the steps he had taken in an effort to get his jail medical records to prove he suffered injuries from the arrest. ECF 3. Among those steps, he says he "attempted to secure information through the Allen County Jail, the U.S. Marshal's Service, and Defense Counsel in my Federal criminal case," ECF 3 at 1-2, but he does not list any similar efforts to uncover the identities of the officer involved in his arrest. In fact, the public record in his criminal case contains the name of the DEA Agent who signed the affidavit for the federal warrants and the name of the Allen County Sheriff's Officer who applied for the state equivalents, yet neither are

3

named in Hecke's civil complaint. *See Hecke*, No. 1:20-cr-7 at ECF 1, ECF 71. Waiting until the last minute to file a lawsuit with unknown defendants does not show reasonable diligence. *See Hines v. City of Chicago*, 91 F. App'x 501, 502-03 (7th Cir. 2004).

Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when the plaintiff alleges facts "sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). That standard is met here. Because Hecke did not identify the proper defendants before the statute of limitations had run, any claims he might assert are time barred.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED on March 21, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT