UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-478-HAB-SLC |
| UNKNOWN AGENTS OF FEDERAL DRUG ENFORCEMENT AGENCY, et al., | |
| Defendants. | |

OPINION AND ORDER

This case is on remand from the Seventh Circuit. *Hecke v. Unknown Agents of United States Drug Enforcement Administration*, No. 22-2314, 2022 WL 4354550 (7th Cir. Sept. 20, 2022); ECF 26. The Seventh Circuit determined that this court prematurely determined that any tolling principles would not apply, and therefore this case should not have been dismissed on statute of limitations grounds at screening. *Id.* The court will thus proceed to examine the merits of the complaint.

Steven John Hecke, a prisoner without a lawyer, filed a complaint against unknown federal and Allen County law enforcement officers, alleging they used excessive force during his arrest on January 13, 2020. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Law enforcement officers executed a search warrant on Hecke's house the night of January 13, 2020. ECF 1 at ¶ 1. Hecke admits that when he first saw people approaching wearing black uniforms and black masks and carrying assault rifles, he ran because he says he did not know they were law enforcement officers. *Id.* at ¶¶ 2-3. During the pursuit, Hecke alleges that after an officer yelled, "Police," he stopped, turned around, and faced one of the officers in a nonthreatening manner. *Id.* at ¶ 4.

After Hecke stopped running, he alleges an officer threw a right-handed jump punch, which Hecke says he reflexively blocked with his arm. ECF 1 at ¶ 4. Then Hecke was ordered to lay on his stomach with his hands behind his back. *Id.* at ¶ 5. Hecke says he complied voluntarily and was not resisting, but, while he was pinned on the ground, several officers used the hood of his coat to cover his head and face and began suffocating him. *Id.* at ¶ 7. Then, he alleges, they smashed his head into the asphalt several times and began applying excessive pressure to his back and neck. *Id.* Hecke struggled and yelled out that he couldn't breathe. *Id.* Now, he says he has ongoing back and arm injuries in addition to lasting mental anguish. *Id.* at ¶ 8. He sues the officers for using excessive force and for failing to intervene to stop the excessive force. *Id.* at ¶ 9.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). Federal officers may be sued for

2

Fourth Amendment violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and county officers may be sued under 42 U.S.C. § 1983. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Giving Hecke the inferences to which he is entitled at this stage, he states a plausible Fourth Amendment claim against the officers who continued to use force against him after he stopped resisting and laid compliant on the ground.

3

Hecke also states a claim against the officers who did not participate directly in the use of force but failed to intervene to stop it. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). It can plausibly be inferred that the other officers present had the opportunity to intervene and stop the other officers from suffocating Hecke and banging his head on the ground. Therefore, Hecke has stated a claim for failure to intervene against these officers.

The stumbling block in this case is that when Hecke filed his complaint in December 2021, he did not know the identities of the officers involved in his arrest. The court has a duty to help pro se litigants identify and serve the defendants. *See Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014). However, the situation has changed since the initial complaint was filed. Hecke has now been convicted after a five-day jury trial and is awaiting sentencing. *See United States v. Hecke*, No. 1:20-cr-7-HAB-SLC (N.D. Ind. filed Jan. 22, 2020). Officers who participated in the arrest testified at the trial, so Hecke might now know the names of the officers involved. Thus, it is not clear whether Hecke still needs the court's assistance in identifying the defendants. If he knows their identities, it would be inefficient and cause unnecessary delay to use a judicial process to discover information he already possesses.

Therefore, the court will grant Hecke time to file an amended complaint on the court's **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, naming any now-known

4

defendants and stating how they participated in the arrest. Then, the court will screen the amended complaint as required by 28 U.S.C. § 1915A. If he is suing any defendants he cannot identify, he must describe them as specifically as possible so the court can attempt to determine their names.

Lastly, Hecke filed a motion under Federal Rule of 60(b), asking the court to reopen the case in light of new evidence. ECF 23. In light of the Seventh Circuit's order, the motion is moot.

For these reasons, the court:

(1) DENIES the Rule 60(b) motions (ECF 23) as moot; and

(2) GRANTS Steven John Hecke until **November 17, 2022**, to file an amended complaint.

SO ORDERED on October 18, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT