UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-478-HAB-SLC |
| DAVID GLADIEUX, COREY LOUBIER, C. KRAMER, CHRIS AMSTUTZ, NICHOLAS KEEFER, DARREN COBURN, ANIS SOFTIC, DARREN COMPTON, and CAREY FRIES, | |
| Defendants. | |

OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, filed a complaint against unknown law enforcement officers, alleging they used excessive force during his arrest on January 13, 2020. The court granted him leave to file an amended complaint to identify those officers whose names he might have discovered since he first filed the complaint. ECF 27. He has done so. ECF 28. And now, the court must review the merits of that complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Hecke alleges that the night of January 13, 2020, several members of the Allen County Sheriff's Office and one Indiana State Police Officer set up near his house to execute a federal search warrant. ECF 28 at 2-3. After Hecke drove up to his house and got out of his truck, he alleges that eight of the defendants, who were wearing black uniforms and masks and carrying assault rifles, started running towards him. *Id.* at 3, 10-12. He says he did not know they were law enforcement and fled in fear for his life. *Id.* at 13. Those Allen County Officers—Corey Loubier, C. Kramer, Chris Amstutz, Nicholas Keefer, Darren Coburn, Anis Softic, Darren Compton, and Carey Fries—pursued him. *Id.*

Hecke alleges that either Officer Amstutz or Officer Keefer yelled out, "Police," causing him to stop and turn around to face the officers.[1] ECF 28 at 14. Hecke alleges that after he had stopped, that officer threw a running jump punch, which he reflexively blocked with his arm. *Id.* Hecke was then ordered to lay face-down on the ground with his hands behind his back. *Id.* at 14-15. Hecke says he voluntarily complied. *Id.* at 15.

While he was on the ground, Hecke alleges that the officer straddled him and ground his knee in his back with unreasonable force, even though he was not resisting arrest. ECF 28 at 15. Then, the remaining officers who pursued him caught up, and Hecke alleges that some of those officers took his coat hood, wrapped it around his head, and started suffocating him and smashing his head into the asphalt. *Id.* at 15-16.

---

[1] Hecke is not sure which officer said that, but he describes the officer as being about 25 years old, 5' 7" tall, 170 pounds, a non-Hispanic white male, with a medium build and sandy-blonde hair with bangs hanging to his eyebrows. ECF 28 at 13.

2

Then, the officer restraining him began applying excessive pressure and force to his back and neck. *Id.* at 16. He alleges he yelled out several times that he could not breathe and to take the hood off his head. *Id.* Hecke says he now has permanent damage to his spine and left arm. *Id.* at 17.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether [the suspect] is actively resisting arrest or

3

attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Moreover, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Although the specifics of who did what will have to be sorted out during discovery, at this stage, Hecke states a Fourth Amendment claim against Corey Loubier, C. Kramer, Chris Amstutz, Nicholas Keefer, Darren Coburn, Anis Softic, Darren Compton, and Carey Fries for using excessive force during the arrest and failing to intervene in the use of force.

Hecke also seeks to hold seventeen other officers liable for failing to intervene in the alleged use of excessive force. He says that these officers were part of the surveillance team but did not directly participate in pursuit of him. He alleges that they had reason to know excessive force was being used against him and had a realistic opportunity to intervene. But Hecke does not present sufficient facts to support this assertion. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A key aspect of a claim under 42 U.S.C. § 1983 is that the defendant must have had some personal involvement in the alleged violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

4

Here, Hecke seeks to hold all the officers involved in executing the search warrant liable for the actions of a few without explaining how those other officers were in a position to see the arrest that occurred at night and away from the site of the search, let alone how those officers could have realistically intervened in the alleged use of excessive force. These defendants—S. Uetrecht, K. Litzenberg, C. Cashman, J. Gasvada, J. Lumpcik, J.D. Bleeke, A. Peters, E. Hegbli, T. Harris, T. Treesh, T. George, Bryan Heine, Dan Radecki, Alan Cook, Michael Vaughn, Jeff Smallwood, and Peter Bradley—must be dismissed.

Finally, Hecke sues Allen County Sheriff David Gladiuex under the Indiana Tort Claims Act, Ind. Code § 34-13-3 *et seq.*, for the alleged use of excessive force by the Allen County Officers. "Governmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the [ITCA] applies." *Minks v. Pina*, 709 N.E.2d 379, 382 (Ind. App. Ct. 1999). Immunity applies "if the officer reasonably believes that the force is necessary to effect a lawful arrest." *Wilson v. Isaacs*, 929 N.E.2d 200, 203 (Ind. 2010) (quoting Ind. Code § 35-41-3-3(b)). But "the law enforcement immunity of the Indiana Tort Claims Act does not shield the government from liability for excessive force by police[.]" *Id.* at 204. Hecke may proceed against Sheriff Gladieux for compensatory damages[2] on a state law claim for assault and battery.

For these reasons, the court:

---

[2] Punitive damages are not allowed under the ITCA. *See* Ind. Code § 34-13-3-4.

(1) GRANTS Steven John Hecke leave to proceed against Corey Loubier, C. Kramer, Chris Amstutz, Nicholas Keefer, Darren Coburn, Anis Softic, Darren Compton, and Carey Fries in their individual capacities for compensatory and punitive damages for using excessive force or failing to intervene in the use of excessive force during Hecke's arrest on January 13, 2020, in violation of the Fourth Amendment;

(2) GRANTS Steven John Hecke leave to proceed against Allen County Sheriff David Gladieux in his official capacity for compensatory damages for state law claims of assault and battery stemming from his officers' use of excessive force during Hecke's arrest on January 13, 2020;

(3) DISMISSES all other claims;

(3) DISMISSES S. Uetrecht, K. Litzenberg, C. Cashman, J. Gasvoda, J. Lumpcik, J.D. Bleeke, A. Peters, E. Hegbli, T. Harris, T. Treesh, T. George, Bryan Heine, Dan Radecki, Alan Cook, Michael Vaughn, Jeff Smallwood, and Peter Bradley;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff David Gladieux, Corey Loubier, C. Kramer, Chris Amstutz, Nicholas Keefer, Darren Coburn, Anis Softic, Darren Compton, and Carey Fries at the Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 28);

(5) ORDERS the Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff David Gladieux, Corey Loubier, C. Kramer, Chris Amstutz, Nicholas Keefer, Darren Coburn, Anis Softic, Darren Compton, and Carey Fries to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 7, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT