UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-cv-00478-HAB-SLC |
| DAVID GLADIEUX, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, filed a motion asking to be appointed counsel (ECF 54), supplemented by several additional filings (ECF 55, 56, 60). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Here, Hecke has made an adequate attempt to obtain counsel on his own. However, given the difficulty of this case, he is competent to litigate it himself. "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers

willing and able to volunteer for these cases." *Olson*, 750 F.3d at 711. "District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.*

When determining whether to recruit pro bono counsel, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. The relevant inquiry "is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* In the end, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Hecke does not argue that he does not have the education or capability to understand the legal proceedings, not would such an argument be plausible given the sophistication of his filings so far. Rather, the motion asserts he needs a lawyer because of the difficulties he has in investigating crucial facts, witnesses, and leads, in light of the fact that he is incarcerated and the events at issue in his lawsuit took place during his arrest, before he was incarcerated. Thus, he argues, his incarceration poses issues in contacting any witnesses to the events.

Hecke has not shown he is unable to investigate his claims while incarcerated. He says he spoke to one potential witness on the phone and has contacted that potential witness and another potential witness via letter. Hecke states that he has not received a response to his letters, nor has he been able to reach the potential witness over the phone, despite trying several times over different days. (ECF 55 at 3). But he has made no attempt to use any of the methods of discovery in the Federal Rules of Civil Procedure to obtain information from these potential witnesses.[1]

Hecke also says that he has been unable to obtain his medical records from the Allen County Jail through a Release of Information. (*Id.* at 3-4). But, again, he has not used any of the discovery options available to him to request this information.

Therefore, Hecke's purported difficulties in contacting these witnesses and in obtaining his medical records are not a reason to appoint him counsel. He has not attempted to obtain his medical records with an official request to the treating physician or through other discovery methods. He contends that the potential witness might have a video of his arrest, but he also has not used discovery to learn whether any of the officers have video of the arrest. It is certainly more challenging to litigate his case from prison, but he has not shown that he is unable to do so.

For these reasons, the motion (ECF 54) is DENIED.

SO ORDERED. Entered this 11th day of December 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

[1] Hecke also represents that he is getting assistance from a family member outside the prison to gather information informally, so he is not totally without recourse to outside help.